1  MICHELLE L. VAN DYKE, ESQ. (SBN 171477)
   **SHEWRY & VAN DYKE, LLP**
2  402 West Broadway, Suite 950
3  San Diego, CA 92101-8504
   Telephone: (619) 233-8824
4  Facsimile:  (619) 233-1002

5  Attorneys for Plaintiffs, BARBARA L. BROWN

6

FILED

08 MAY -6 PM 3: 11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

7

8                **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10 BARBARA L. BROWN, an individual,      ) CASE NO.
                                          )
11                                        )    **'08 CV 0818 DMS BLM**
                                          )
12              Plaintiffs,               )
                                          ) **COMPLAINT FOR VIOLATIONS OF**
13    vs.                                 ) **THE FEDERAL AND CALIFORNIA**
                                          ) **FAIR DEBT COLLECTION PRACTICES**
14 LEGAL RECOVERY LAW OFFICES, INC.,     ) **ACTS**
   a California Corporation; and JOHN AND )
15 JANE DOES 1 through 25 inclusive,      )
                                          )
16                                        )
              Defendants.                 ) **DEMAND FOR JURY TRIAL**
17                                        )
                                          )
18                                        )
                                          )
19 _____    )

20                               **I.**

                        **PRELIMINARY STATEMENT**
21
22      1.      Plaintiff, BARBARA L. BROWN (hereinafter "Plaintiff" or "BROWN"), on her

own behalf, and demanding a trial by jury, brings this action against Defendant LEGAL
23
RECOVERY LAW OFFICES, INC. (hereinafter "Defendant" or "LRLO") in connection with its
24
collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et*
25
*seq.* ("FDCPA") and the California Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788
26
*et seq.* ("RFDCPA").
27
/./.
28

-1-

2.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. § 1692(a) - (e)].

3.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer.

4.     To prohibit deceptive practices the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1)-(16).  Among these *per se* violations prohibited by that section are:  false threats to take actions that cannot legally be taken or are not intended to be taken [15 U.S.C. § 1692e(5)]; and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

5.     The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependant upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due

-2-

1   regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair

2   or deceptive acts or practices.

3        6.    The Plaintiff seeks actual damages, statutory damages, attorney fees, costs, and all

4   other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the

5   FDCPA, RFDCPA, and all other common law or statutory regimes.

6        7.    This case involves money, property, or other equivalent, due or owing or alleged

7   to be due or owing from natural persons by reason of consumer credit transactions.  As such, this

8   action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal.

9   Civ. Code § 1788.2(f).

10                                   **II.**

11                                 **PARTIES**

12       8.    Plaintiff BROWN is a natural person who at all times relevant to this complaint

13   resided in the City of Apple Valley, San Bernardino County, California.

14       9.    Plaintiff BROWN is, at all times relevant to this complaint, a "consumer" as that

15   term is defined by 15 U.S.C. § 1692a(3).

16       10.   Plaintiff BROWN is, at all times relevant to this complaint, a "person" as that

17   term is defined by Cal. Civ. Code § 1788.2(g).

18       11.   Plaintiff BROWN is, at all times relevant to this complaint, a "debtor" as that

19   term is defined by Cal. Civ. Code § 1788.2(h).

20       12.   Plaintiff BROWN is alleged to have incurred a financial obligation for primarily

21   personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by

22   15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

23       13.   Defendant LRLO is, at all times relevant to this complaint, a legal corporation

24   existing pursuant to the laws of the State of California.  Defendant LRLO maintains its principal

25   place of business at 4305 Gesner Street, Suite 116, San Diego, California 92117.

26       14.   Defendant LRLO collects, and attempts to collect, debts incurred, or alleged to

27   have been incurred, for personal, family, or household purposes on behalf of creditors using the

28   U.S. Mail, telephone, and Internet.  Hence, Defendant LRLO is, at all times relevant to this

-3-

1  complaint, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code

2  § 1788.2(c).

3      15.    As set forth above, Defendant LRLO collects, and attempts to collect, debts

4  incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf

5  of creditors using the U.S. Mail, telephone, and Internet. Hence, Defendant LRLO is engaged in

6  "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

7      16.    The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under

8  fictitious names. Their true names and capacities are unknown to the Plaintiffs at this time. The

9  Plaintiffs will amend this complaint by inserting said names and capacities when they are

10  ascertained.

11      17.    Plaintiff is informed and believe, and thereon allege, that Defendants, JOHN and

12  JANE DOES 1 through 25, are natural persons and/or business entities all of whom reside or are

13  located within the United States. Said Defendants personally created, instituted, and with

14  knowledge such practices were contrary to law, acted consistent with and oversaw policies and

15  procedures used by employees of Defendant LRLO wherein said employees engaged in the

16  unlawful conduct set forth herein. Said Defendants personally control the illegal acts, policies,

17  and practices utilized by Defendant LRLO and, therefore, are personally liable for all of the

18  wrongdoing alleged hereinafter.

19  **III.**

20  **JURISDICTION & VENUE**

21      18.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

22  1331. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

23      19.    Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because

24  the events giving rise to the Plaintiffs' claims, as alleged herein, occurred within this federal

25  judicial district. Venue is also appropriate insofar Defendant LRLO's principal place of business

26  is located within this federal judicial district, and each of the Defendants regularly transact

27  business within this federal judicial district.

28

-4-

# IV.

## FACTS REGARDING PLAINTIFF BARBARA L. BROWN

20.    On April 10, 2007, Defendant LRLO filed a lawsuit against BROWN for breach of contract and on common counts.  The foregoing lawsuit filed against Plaintiff BROWN was styled as follows:  *Capital One Bank v. Barbara L. Brown*, San Bernardino County Superior Court, Case No. CIVVS 700121 ("San Bernardino Lawsuit").

21.    In the San Bernardino Lawsuit, Capital One alleges a four year statute of limitations on the common counts claim by falsely stating that Plaintiff BROWN became indebted to Capital One, or borrowed money from Capital One "...within the last four years."

22.    Plaintiff BROWN denies that she breached any contract with Capital One; however, if such a breach occurred, it could not have occurred after June 2002 as evidenced on the face of the complaint filed in the San Bernardino Lawsuit.

23.    In the San Bernardino Lawsuit, Capital One alleges "...[t]he terms and conditions under which defendants agreed to repay the plaintiff [BROWN] for these monies are set forth in a written credit card and/or loan agreement between the parties."  This statement is false as there was no written contract between Capital One and Plaintiff BROWN.

24.    Capital One Bank is a bank, and it was in this capacity that Capital One Bank filed the San Bernardino Lawsuit.

25.    Pursuant to California Civil Code section 1717.5, Capital One Bank was prohibited from recovering attorney fees from Plaintiff BROWN on its common count claims as alleged in the San Bernardino Lawsuit.

26.    On May 16, 2007, the undersigned counsel and law firm sent a letter to Defendant LRLO advising that Plaintiff BROWN was represented by counsel in connection with the alleged Capital One debt and the San Bernardino Lawsuit, which LRLO had filed to recover same.  The foregoing letter sent by the undersigned counsel, a copy of which is attached as Exhibit "A" and incorporated herein by this reference, clearly set forth the contact information for the undersigned counsel and law firm.  Staff for Plaintiff BROWN's counsel also made

1 | numerous calls to Defendant LRLO in an attempt to have the San Bernardino Lawsuit
2 | voluntarily dismissed; however, LRLO refused to return any these calls.

3 | 27.    The letter, which is referenced above in Paragraph 26, also explained with
4 | specificity that Capital One and LRLO were without any basis in law to file the San Bernardino
5 | Lawsuit against Plaintiff BROWN to recover the alleged Capital One debt as the statute of
6 | limitations had clearly expired with respect to its breach of contract claims, and this fact was
7 | evidenced on the face of Capital One's complaint.  In light of these facts, Plaintiff BROWN's
8 | undersigned counsel further requested in her letter that Defendant LRLO immediately dismiss
9 | the San Bernardino Lawsuit.

10 | 28.    At no time prior to filing the San Bernardino Lawsuit did Defendant LRLO ever
11 | provide Plaintiff BROWN with verification of the alleged debt as she had requested in her letter
12 | dated March 16, 2007.

13 | 29.    On or about June 1, 2007, Plaintiff BROWN received another unsigned letter
14 | from Defendant LRLO, which was dated May 30, 2007, and which again purports to be a
15 | communication from an attorney licensed to practice law in the State of California.  Attached
16 | hereto as Exhibit "B" is a true and correct copy of the foregoing letter that Plaintiff BROWN
17 | received from LRLO dated May 30, 2007.

18 | 30.    Plaintiff BROWN is informed and believes and on that basis thereon alleges that
19 | the LRLO letter referenced above and attached hereto as Exhibit "B" are computer generated and
20 | mass produced without any meaningful review or involvement by a licensed attorney.

21 | 31.    At no time did Defendant LRLO respond to the myriad attempts by Plaintiff
22 | BROWN's counsel, and her staff, to contact LRLO regarding her request that LRLO voluntarily
23 | dismiss the San Bernardino Lawsuit.

24 | 32.    Plaintiff BROWN was forced to hire the undersigned counsel to defend her in the
25 | San Bernardino Lawsuit.  As part of this defense, Plaintiff BROWN filed a demurrer to the
26 | complaint filed by LRLO in the San Bernardino Lawsuit.

27

28

-6-

33.     On July 2, 2007, the San Bernardino Superior Court sustained Plaintiff BROWN's demurrer and dismissed the San Bernardino Lawsuit with prejudice and without leave to amend.

34.     Plaintiff BROWN incurred substantial actual damages, in the form of attorney fees and costs, as a result of having to hire the undersigned counsel to defend her in the San Bernardino Lawsuit.

## V.

## POLICIES AND PRACTICES COMPLAINED OF

35.     It is the policy and practice of Defendant LRLO to send written communications to consumers, in the form attached hereto as Exhibit "B," which fails to provide any meaningful review or involvement by a license attorney prior to being sent to the Plaintiffs or other consumers by the Defendants.

36.     It is the policy and practice of Defendant LRLO to file lawsuits against consumers without regard to the legal or factual sustainability of said claims.

## VI.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

37.     Plaintiff realleges and incorporates by reference the allegations, as more fully set forth above, in Paragraphs One (1) through Thirty-Six (36) of this Complaint as if set forth at length herein.

38.     LRLO violated 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) by sending Plaintiffs a mass-produced letter, in the form attached hereto as Exhibit "B" in which an attorney did not: review the Plaintiffs' files; determine when the letters should be sent; approve sending the letters based upon recommendations of others; see the letters before they were sent; or know the identity of person to whom each letter was issued.

39.     LRLO violated 15 U.S.C. §1692e(2)(A) by filing the San Bernardino Lawsuit because the filing of said lawsuit constituted a representation the that the debt was legally

-7-

1    actionable, when it was not.  The filing of the San Bernardino Lawsuit caused Ms. Brown to

2    incur actual damages in the form of attorney's fees and costs, according to proof at trial.

3        40.    LRLO violated 15 U.S.C. §1692e(5) by sending Plaintiff a mass-produced letter,

4    in the form attached hereto as Exhibit "B" by threatening to take action that cannot legally be

5    taken or that was not intended to be taken (i.e. pursuing "legal action").

6        41.    LRLO's communication as a whole, in the form attached hereto as Exhibit "B"

7    violates 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt.

8        42.    LRLO's communication, in the form attached hereto as Exhibit "B," violates 15

9    U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt insofar as the

10   communication seeks to collect a time-barred debt and is coupled with the false implication of

11   impending legal action to be taken against the Plaintiff BROWN.

12       43.    LRLO's communications, in the form attached hereto as Exhibit "B" violates 15

13   U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt insofar as the

14   communications seek to collect a debt of an amount that is not expressly authorized by

15   agreement or permitted by law (i.e. attorney's fees).

16       44.    LRLO violated 15 U.S.C. §1692g(b) with respect to Plaintiff BROWN by failing

17   to cease its further debt collection activities -- including the filing of the San Bernardino Lawsuit

18   -- prior to responding to Plaintiff BROWN's lawful written request for validation of the alleged

19   Capital One debt, which request LRLO received on March 19, 2007.  See Exhibit "D".

20                                  **VII.**

21                          **SECOND CAUSE OF ACTION**

22                **VIOLATIONS OF THE CALIFORNIA FAIR DEBT**
                        **COLLECTION PRACTICES ACT**
23                          **(AGAINST ALL DEFENDANTS)**

24       45.    Plaintiff realleges and incorporates by reference the allegations, as more fully set

25   forth above, in Paragraphs One (1) through Forty-Four (44) of this Complaint as if set forth at

26   length herein.

27       46.    LRLO violated Cal. Civ. Code §1788.13(c) by sending Plaintiff the

28   communication attached hereto as Exhibit "B" which are in the name of an attorney or counselor

                                   -8-

1    at law or upon stationery or like written instruments bearing the name of the attorney or

2    counselor at law, when said communication was not approved or authorized by such attorney or

3    counselor at law.

4         47.    LRLO violated Cal. Civ. Code §1788.13(d) by sending Plaintiff the

5    communication attached hereto as Exhibit "B," which falsely states that Plaintiff's alleged debt

6    may be increased by the addition of attorney's fees, investigation fees, service fees, finance

7    charges, court costs, and/or other charges when, in fact, such fees or charges may not legally be

8    added to the existing obligation.

9         48.    LRLO violated Cal. Civ. Code §1788.13(h) by sending Plaintiff the

10    communications attached hereto as Exhibit "B," which falsely represents to the Plaintiff that the

11    subject collection letters are being sent by or on behalf of a legal department.

12         49.    LRLO violated Cal. Civ. Code §1788.16 by sending Plaintiff the communication

13    attached hereto as Exhibit "B," which gives the appearance of being authorized, issued, or

14    approved by an attorney when it is not in violation of Cal. Civ. Code § 1788.16.

15         50.    By sending Plaintiff the communication attached hereto as Exhibit "B," which do

16    not comply with 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiff's First Cause of Action

17    and, therefore, is also a violation of Cal. Civ. Code § 1788.17.

18         51.    LRLO violated Cal. Civ. Code §1788.13(h) by sending Plaintiff BROWN the

19    communication attached hereto as Exhibit "C," which falsely represents to Plaintiff BROWN

20    that the subject collection letter is being sent by or on behalf of a legal department.

21         52.    Initiating communications with Plaintiff BROWN in connection with the

22    collection of an alleged debt after Defendant LRLO received written notification that Plaintiff

23    was represented by an attorney with respect to such debt and having knowledge beforehand of

24    such attorney's name and address, without first having obtained the attorney's consent in

25    violation of Cal. Civ. Code § 1788.14(c).

26         53.    By otherwise engaging in conduct, which does not comply with 15 U.S.C. §§

27    1692, *et seq.*, as set forth above in Plaintiffs' First Cause of Action and is, therefore, also a

28    violation of Cal. Civ. Code § 1788.17.

## VIII.

### PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

### A.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

A.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

B.   An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

D.   For such other and further relief as may be just and proper.

### B.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (BY PLAINTIFF BROWN AGAINST ALL DEFENDANTS)

A.   An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) in an amount to be determined at trial;

C.   An award of the maximum statutory damages for Plaintiffs and the class pursuant to Cal. Civ. Code §1788.30(b);

D.   Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c); and

/././

/././

/././

-10-

E.    For such other and further relief as may be just and proper.

SHEWRY & VAN DYKE, LLP
Attorneys for Plaintiff, BARBARA L.
BROWN

DATED: May 5, 2008

By: _____
MICHELLE L. VAN DYKE, ESQ.

## XI.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs demand a trial by jury against the Defendants, and each of them, for each cause of action so triable.

SHEWRY & VAN DYKE, LLP
Attorneys for Plaintiff, BARBARA L.
BROWN

DATED: May 5, 2008

By: _____
MICHELLE L. VAN DYKE, ESQ.

-11-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

# SHEWRY & VAN DYKE, LLP

EMERALD PLAZA
402 WEST BROADWAY, SUITE 810
SAN DIEGO, CALIFORNIA 92101-8504

STEVEN M. SHEWRY
MICHELLE L. VAN DYKE
ROBERT G. BERNSTEIN
EYDITH J. KAUFMAN
KELLIE B. THOMPSON
LILI MOSTOFI

TELEPHONE:  (619) 233-8824
FACSIMILE:  (619) 233-1002

May 16, 2007

File No. 206.722

Mr. Mark D. Walsh, Esq.
LEGAL RECOVERY LAW OFFICES, INC.
4305 Gesner Street, No. 116
San Diego, CA 92117

Re:     *Capital One v. Brown, et al.*
San Bernardino Superior Court Case No. CIWS 700121

Dear Mr. Walsh:

Please be advised that my office represents Ms. Barbara Brown in the above-referenced case. We are in receipt of your client's complaint in this matter and have found that the claims alleged therein fail as a matter of law. As a cursory review of the complaint will reveal, both of the causes of action alleged are barred by the applicable statute(s) of limitation. Moreover, any claim for breach of a written contract requires either that the contract be attached to the complaint, or that the pertinent terms and conditions thereof be spelled out therein. These matters are discussed more fully in the following enclosed documents:

(1)     notice of demurrer;
(2)     demurrer; and
(3)     memorandum of points and authorities in support of demurrer.

Please also be advised that after dismissal of the above-referenced case, Ms. Brown intends to file suit against your company and your client, Capital One Bank. Ms. Brown will allege causes of action for various claims, including violations of California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §1788, *et seq.* and the federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. 1692, *et seq.*.

Specifically, Ms. Brown will allege that your company violated the Rosenthal Act and the FDCPA by taking legal action against Ms. Brown you were not entitled to take, by suing on a time-barred debt. 15 U.S.C. §§1629e(5), (10). *See also, Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1227-28 (9th Cir. 1988); *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767 (8th Cir. 2001);

Mr. Mark D. Walsh, Esq.
Re: Capital One v. Brown, et al.
May 16, 2007
Page 2

and *Gonzalez v. Arrow Fin. Servs. LLC*, 2005 U.S. Dist. LEXIS 19712 (S.D. Cal. 2005). By violating section 1692(e) of the federal FDCPA, your firm also violated Cal. Civ. Code §1788.17.

Your firm's implicit threat of legal action in its March 6, 2007 letter violates the same provisions and doctrines. The fact your firm and Capital One sued Ms. Brown on April 10, 2007, after she sent on March 16, 2007 a letter of dispute and request for validation received by your office via certified mail, return receipt requested also violates 15 U.S.C. §1692g(b).

Capital One Bank has committed violations of the selected provisions of the Rosenthal Act based upon the same conduct. The rights, privileges, and remedies contained in the Rosenthal Act are cumulative of those contained in the FDCPA. Cal. Civ. Code §1788.32. Hence, in addition to statutory damages available under 15 U.S.C. §1692k, Ms. Brown also intends to recover her actual damages and statutory penalties under Cal. Civ. Code §1788.30. Ms. Brown will also request an award of attorneys fees under 15 U.S.C. 1692k(a)(3) and Cal. Civ. Code §1788.30(c).

In light of the above, Ms. Brown makes the following demand for settlement of both these cases:

(1)    dismissal with prejudice of Capital One Bank's action, in its entirety;

(2)    deletion of any and all negative trade lines attributable to any debt allegedly owed by Ms. Brown to Capital One Bank, whether that trade line was reported by Capital One Bank or any of its agents or assigns;

(3)    payment by Legal Recovery Law Offices, Inc. and Capital One Bank of $9,000.00 in damages in consideration for release of all past or presently alleged claims. This payment will include all actual and statutory damages available to Ms. Brown in a Court action; and

(4)    payment of $4,500.00 in reasonable attorneys fees and costs of suit incurred enforcing Ms. Brown's rights under the FDCPA and the Rosenthal Act.

We sincerely hope that you give serious consideration to our client's demand for settlement. We are confident that if legal action is required, our client will prevail in her claims and damages, costs, and attorney's fees will far exceed the amounts requested above. This demand remains open to acceptance until Tuesday, May 29, 2007. If your firm and client decide not to meet our client's demand, we will proceed as more fully set forth above.

Mr. Mark D. Walsh, Esq.
**Re: Capital One v. Brown, et al.**
May 16, 2007
Page 3

_____

      Should you have any questions or comments concerning this matter, please feel free to call me. Otherwise, we look forward to receiving in short order your answer to Ms. Brown's demand.

                Very truly yours,

                SHEWRY & VAN DYKE, LLP

                Michelle Van Dyke

MVD/ccs

Enclosures

# EXHIBIT "B"

PO Box 84060
San Diego, CA 92138



LEGAL RECOVERY
# LRL
LAW OFFICES

BARBARA L BROWN

| 16648 PAUHASKA RD | Payments Received | |
|---|---|---|
| APPLE VALLEY CA 92307-1980 | by LRLO: | $0.00 |
| | Current Principal: | $1280.46 |
| | Interest: | $1417.56 |
| Date:        May 30, 2007 | Court Costs: | $245.00 |
| File #:       32753.001 | Attorney's Fees: | $0.00 |
| Account #:   5291151475522916 | Other Costs: | $0.00 |
| Client:      CAPITAL ONE BANK | Total Due: | $2943.02 |
| Referred Balance:   $2537.71 | | |

## VERIFICATION OF DEBT

Our office is in receipt of your request for verification of debt. We will gather the information you requested and mail it to you shortly. Please be informed that your request for verification will not halt any litigation that has been or is in the process of being filed against you. If you wish to discuss this matter, our office can be contacted during normal business hours at 1-800-785-4001.

Please include your file number on all correspondence and/or remittance and mail it to PO Box 84060, San Diego, CA 92138.

This verification response has been sent to you by a law office specializing in the area of debt collection. Be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Mark Walsh
Attorney at Law                                                    lrlo-102

# EXHIBIT "C"

PO Box 84060
San Diego, CA 92138


LEGAL RECOVERY
LRL
LAW OFFICES

BARBARA L BROWN

16648 PAUHASKA RD
APPLE VALLEY CA 92307-1980

| | |
|---|---|
| Payments Received by LRLO: | $0.00 |
| Current Principal: | $1280.46 |
| Interest: | $1350.76 |
| Court Costs: | $0.00 |
| Attorney's Fees: | $0.00 |
| Other Costs: | $0.00 |
| Total Due: | $2631.22 |

Date:            11/10/2006
File #:          32753.001
Account #:       5291151475522916
Client:          CAPITAL ONE BANK
Referred Balance:  $2537.71

**DUPLICATE NOTICE:  Balance as of March 6, 2007**

The above referenced account has been placed with this office for collection and resolution. The client named above claims that you have a delinquent account owed in the amount of $2631.22.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include court costs, local attorney's fees and interest in addition to the principal amount currently owed.

This notice has been sent to you by a law office specializing in the area of debt collection. Be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose. If paid in full to this office, all collection activity will be stopped. Returned checks will result in a returned check fee of $25.00 for the first returned check and $30.00 for each additional returned check.

Please include your file number on all correspondence and/or remittance and mail it to
PO Box 84060, San Diego, CA 92138.

Sincerely,

Mark Walsh
Attorney at Law                                                    lrlo-101

PAYMENT VOUCHER – please include with your payment

BARBARA L BROWN                                BALANCE OWED: $2631.22
16648 PAUHASKA RD
APPLE VALLEY CA 92307-1980                     AMOUNT ENCLOSED:_____

LRLO File No. 32753.001
Client: CAPITAL ONE BANK

California Address                              Nevada Address
4305 Gesner Street, Suite 116, San Diego, CA 92117     7121 W. Craig Rd. # 113-223, Las Vegas, NV 89129
P.O. Box 84060, San Diego, CA 92138-4060
Tel: 619-275-4001, Toll Free: 800-785-4001, Fax: 619-275-4010

# EXHIBIT "D"

**U.S. Postal Service**
**CERTIFIED MAIL· RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.64 |

0807

APPLE VALLEY CA 92307
Postmark
MAR 16 2007
Here

03/16/2007

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

7004 2890 0004 1775 2958

---

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**SENDER: COMPLETE THIS SECTION**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Ricard Bavados   3-19-07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

LEGAL RECOVERY LAW OFFICES
4305 GESNER ST, STE# 116
SAN DIEGO, CA 92117

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7004 2890 0004 1775 2958

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

March 15, 2007

Barbara Brown
16648 Pauhaska Rd
Apple Valley, CA 92307

Legal Recovery Law Offices
4305 Gesner Street, Suite# 116
San Diego, CA. 92117

RE:  Account# 529115145522916
File# 32753.001

Dear Legal Recovery Law Offices,

This letter is being sent to you in response to a duplicate notice sent to me on March 6,
2007.  Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair
Debt Collection Practices Act, 15 USC 1692g Sec. 809(b) that your claim is disputed and
validation is requested.

This is a request for VALIDATION made pursuant to the above named Title and Section.
I respectfully request that your offices provide me with competent evidence that I have
any legal obligation to pay you.

Please provide me with the following:

 • Explain and show me how you calculated what you say I owe;
 • Prove the Statue of Limitations has not expired on this account

If your offices are able to provide the proper documentation as requested in the following
Declaration, I will require at least 30 days to investigate this information and during such
time all collection activity must cease and desist.

If your offices fail to respond to this validation request within 30 days from the date of
your receipt, all reference to this account must be deleted and completely removed from
my credit file and a copy of such deletion request shall be sent to me immediately.

Best Regards,


Barbara Brown

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara L. Brown

**(b)** County of Residence of First Listed Plaintiff    San Bernardino
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shewry & Van Dyke, LLP, 402 West Broadway, Suite 950
San Diego, CA 92101

## DEFENDANTS
Legal Recovery Law Offices, Inc.

County of Residence of First Listed Defendant    San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED
08 MAY -6 PM 3:11
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

08 CV 0818 DMS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692, et seq.
Brief description of cause:
Civil Claims for violation of Federal & State Debt Collection practice laws.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ To Be Determined By Jury
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD    Michelle Van Dyke

**FOR OFFICE USE ONLY**

RECEIPT # 150574    AMOUNT $350.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

05/06/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150574    — MB

May 06, 2008
15:12:35

Civ Fil Non-Pris
USAO #.: 08CV0818 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC10903

Total-> $350.00

FROM: BARBARA L BROWN
      VS LEGAL RECOVERY LAW OFFICES